KASEY DIBA, ESQ. (SBN 171081)
MATTHEW SICHI, ESQ. (SBN 306165)
**FINNEGAN & DIBA, A LAW CORPORATION**
3660 Wilshire Boulevard, Suite 800
Los Angeles, California 90010
Telephone: (213) 480-0292
Telecopier: (213) 480-0805
kdiba@fdlegal.com
msichi@fdlegal.com

Attorneys for Plaintiff, RENEE PALMER

CLARISSE C. PETERSEN, ESQ. (SBN 260806)
ZULEIMA PORRON, ESQ. (SBN 351326)
**JACKSON LEWIS P.C.**
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Telephone: (949) 885-1360
clarisse.petersen@jacksonlewis.com
zuleima.porron@jacksonlewis.com

Attorneys for Defendant, CAREER TEAM, LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

RENEE PALMER, an individual,

Plaintiff,

vs.

CAREER TEAM, LLC, a Connecticut limited liability company; and DOES 1 through 50, inclusive,

Defendant.

Case No.: 8:26-cv-00968-FWS-KES

*Assigned for All Purposes to:*
*Hon. Fred W. Slaughter*

**JOINT RULE 26(f) REPORT**

Complaint Filed: March 13, 2026
Removal: April 23, 2026
Responsive Pleadings Filed: April 22, 2026
Scheduling Conference: June 18, 2026
9:00 AM
Courtroom 10D

By and through their attorneys of record, Plaintiff, Renee Palmer and Defendant, Career Team, LLC (collectively the "Parties") hereby submit this jointly signed Scheduling Conference Statement and Rule 26(f) Report following the conference of counsel required by Federal Rules of Civil Procedure 16(b) and 26(f), Central District Local Rule 26-1, this Court's Standing Order, and this Court's Order Setting Rule 26(f) Scheduling Conference of April 27, 2026.

**A. STATEMENT OF THE CASE**

**(i) Plaintiff's Statement of the Case**

This case stems from Defendants' wrongful termination of Plaintiff, who had physical limitations following a surgical procedure and subsequent medical complications, and who further qualified as a person with a disability within the meaning of the Fair Employment and Housing Act ("FEHA"),

California Government Code, § 12940, et seq. Despite Plaintiff keeping Defendant informed of her ongoing physical limitations—including indication of a need for a short extension of her existing leave given her recovery period was extended following an infection—Defendant failed to engage in a good faith interactive process or extend reasonable accommodations during the time Plaintiff had physical limitations, ultimately terminating Plaintiff while she was still undergoing medical treatment. At the time Plaintiff was terminated, she was also not appropriately or timely compensated for earned wages, including her accrued vacation hours.

Additionally, during the course and scope of Plaintiff's employment she incurred necessary business expenses, in particular mileage on her personal vehicle when travelling to employer-required events, that were not reimbursed by Defendant. Defendant also failed to produce Plaintiff's entire personnel file within the statutory period following a demand for the records issued by Plaintiff's counsel.

**(ii) Defendant's Statement of the Case**

Defendant denies all of Plaintiff's allegations and asserts that it has complied with the California Government Code, Labor Codes, and all applicable laws. Defendant particularly contends that Plaintiff's employment was lawfully terminated for legitimate, nondiscriminatory, and non-retaliatory reasons, including but not limited to business necessity and undue hardship, after Plaintiff exhausted her medical leave and was unable to return to work.

**(iii) Procedural Background**

On March 13, 2026, Plaintiff filed her Complaint with the California Superior Court for the County of Orange, Central Justice Center. Therein, Plaintiff alleged: (1) Disability Discrimination; (2) Failure to Provide Reasonable Accommodations; (3) Failure to Engage in a Good Faith Interactive Process; (4) Wrongful Termination; (5) Failure to Reimburse Business Expenses; (6) Failure to Timely Pay Final Wages; (7) Failure to Produce Complete Personnel File; and (8) Unfair Business Practices.

On April 22, 2026, Defendant filed its Answer to Plaintiff's complaint with the Superior Court for the County of Orange, Central Justice Center.

On April 23, 2026, Defendant filed a Notice of Removal.

On April 24, 2026, Defendant filed its Answer to Plaintiff's complaint with this Court.

On April 27, 2025, this Court issued an Order Setting Rule 26(f) Scheduling Conference, whereby such scheduling conference is to be held on June 18, 2026.

**B. SUBJECT MATTER JURISDICTION**

**Plaintiff's Statement**:

Defendant removed this case pursuant 28 U.S.C. §§ 1332 and 1441(b), for diversity jurisdiction and an amount in controversy exceeding $75,000. Plaintiff has not asserted any issues of federal or constitutional law and further believes her California law claims predominate as asserted in her operative complaint.

**Defendant's Statement**:

The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

**C. LEGAL ISSUES**

**Plaintiff's Statement**:

Plaintiff alleges that Defendant wrongfully terminated her following Plaintiff's major back surgery and subsequent recovery complications in violation of California law protecting employees with physical disabilities and the requirement of employers to engage in a timely and good faith interactive process to determine reasonable accommodations when a request is made by the employee. Defendant failed to engage in the good faith process, extent reasonable accommodations (including a short extension of an ongoing leave), terminated Plaintiff on account of her disability, then refused to rehire her after she was discharged, again on account of her disability and/or medical history.

**Defendant's Statement**:

Defendant does not anticipate any complex legal issues other than those normally encountered in a single-plaintiff employment case involving allegations of disability discrimination, failure to provide reasonable accommodations, failure to engage in a good faith interactive process, wrongful termination, failure to reimburse business expenses failure to timely pay final wages, failure to produce complete personnel file, and unfair business practices (business & professions code, §§ 17200, et seq.)

Based on the Complaint's allegations, Defendant believes the following to be the main legal issues, subject to changes based on discovery: (1) whether Defendant discriminated against Plaintiff on the basis of her disability; (2) whether Defendant provided Plaintiff with a reasonable accommodation for her disability; (3) whether Defendant failed to engage in a good faith interactive process; (4) whether Plaintiff was wrongfully terminated; (5) whether Defendant failed to reimburse Plaintiff for business

expenses; (6) whether Defendant failed to timely pay Plaintiff owed final wages; (7) whether Defendant failed to produce Plaintiff's complete personnel file; and (8) whether Defendant engaged in unfair business practices.

**D. DAMAGES**

**Plaintiff:**

Plaintiff seeks recovery of damages outlined in her operative complaint, estimated to be no less than $100,000.00, and generally summarized as the following:

**(i)** Lost wages to date and ongoing due to the wrongful termination.

**(ii)** Waiting time penalties pursuant to California Labor Code.

**(iii)** Penalties for failure to timely produce Plaintiff's personnel file pursuant to California Labor Code.

**(iv)** Reimbursement for expenses incurred in the course and scope of employment.

**(v)** For reasonable attorneys' fees pursuant to California Labor Code.

**(vi)** Other general damages, to be proven at the time of trial.

**(vii)** Punitive damages.

**Defendant:** Defendant asserts Plaintiff is not entitled to any damages.

**E. PARTIES & EVIDENCE**

**(i) Named Parties**

- Plaintiff, Renee Palmer, an individual.
- Defendant, Career Team, LLC, a Connecticut limited liability company.

**(ii) Plaintiff's Evidence**

- Plaintiff's medical records related to her back surgery and recovery complications.

- Communications between Defendant and Plaintiff, including those between Plaintiff and her supervisor.
- Plaintiff's personnel file, including those documents related to Plaintiff's medical leave.
- Email exchanges and notices.

**(iii) Plaintiff's Witnesses**

- Plaintiff, Plaintiff's Supervisor and Defendant's HR representative, but otherwise unknown at this time, as discovery has not formally begun.

**(iv) Defendants' Documents & Evidence**

- Without the benefit of discovery, Defendant believes the following to be relevant documents on the main issues in the case: (1) applicable employee handbook(s) and company policies, (2) Plaintiff's personnel file, (3) Plaintiff's medical records, accommodation requests, leave of absence file, and related communications and doctor's notes; (4) Plaintiff's expense records; and (5) Plaintiff's mitigation efforts.

**(v) Defendant's Witnesses**

- Without the benefit of discovery, Defendant believes that relevant witnesses include the individuals identified in Plaintiff's Complaint as having knowledge of the matters at issue, including Plaintiff's supervisor and Defendant's HR representative.

**F. INSURANCE**

**Plaintiff**: Not applicable.

**Defendant:** Defendant maintains an insurance policy with Ironshore Specialty Insurance Company, which may provide coverage for one or more of Plaintiff's claims in this lawsuit.

**G. MANUAL FOR COMPLEX LITIGATION**

The Parties do not believe this is a complex case or that the Manual for Complex Litigation should be utilized.

**H. PROCEDURAL & DISPOSITIVE MOTIONS**

**Plaintiff**: Though Plaintiff drafted her Complaint in anticipation of litigating within State court, Plaintiff is not contemplating the addition of parties, claims, amended pleadings, transfer of venues, or challenging the Court's jurisdiction at this time. As the Parties have not yet exchanged discovery, Plaintiff cannot say for certain if discovery motions will be raised in the future. Plaintiff is not currently contemplating filing a motion for summary judgment or adjudication but may reconsider through the course of discovery.

**Defendant:** Without the benefit of discovery, Defendant reserves the right to file a dispositive motion, including motions for summary judgment or adjudication. If the case proceeds to trial, Defendant anticipates filing motions *in limine* on issues that cannot be resolved informally. Defendant will also attempt to resolve discovery issues informally but may file discovery-related motions if the parties are unable to do so.

**I. STATUS OF DISCOVERY**

No discovery has occurred yet in this case.

Plaintiff and Defendant agree to exchange initial disclosures pursuant to Rule 26(a) on June 26, 2026, but the Parties are willing to agree to a mutual extension if additional time is necessary. The Parties do not request any changes to the form or requirements for disclosures under Rule 26(a).

**J. DISCOVERY PLAN**

The Parties have not yet commenced discovery and do not propose to conduct discovery in phases. The Parties anticipate discovery to have been completed by April 22, 2027, for non-expert discovery.

**(i) Changes in Disclosure under Rule 26(a).**

The Parties do not propose any changes to the form or requirements for disclosures under Federal Rule of Civil Procedure 26(a).

**(ii) Subject Matter of Discovery**

**Plaintiff**: Plaintiff intends to conduct discovery into her employment and termination by Defendant, in particular regarding her expense reports, compensation, and any purported engagement in the good faith process, review of accommodations and calculated hardship, and refusal to rehire Plaintiff, including communications thereon.

This will require Plaintiff to propound written discovery and requests for production of documents as well as take deposition testimonies of Defendant-affiliated witnesses, who have yet to be identified.

The Parties will abide by the requirements of Title V of the Federal Rules of Civil Procedure. Plaintiff does not request changes or limitations to these Rules.

**Defendant:**

Without prejudice to its rights to seek discovery on other relevant issues, Defendant contemplates that it will need and seek discovery concerning the allegations and claims in Plaintiff's Complaint, Plaintiff's interactions with others regarding her allegations, and Plaintiff's alleged damages and mitigation efforts.

**FRCP 26(f)(3)(C) – Electronically Stored Information**

The Parties submit that discovery requests for electronically stored information, as well as responses to such discovery requests, are subject to the Federal Rules of Civil Procedure, including but not limited to Rules 26 and 34. The Parties agree to meet and confer as needed on the specific format in which the electronically stored information is produced.

**FRCP 26(f)(3)(D) – Privilege and Work Product Issues**

The Parties do not anticipate any issues regarding privilege or work product.

**FRCP 26(f)(3)(E) – Changes to FRCP/Local Rule Limitations on Discovery**

The Parties do not believe it is necessary to alter the limitations regarding discovery set forth in the Federal Rules of Civil Procedure or the Local Rules, and do not believe any other limitations on discovery need to be ordered at this time.

**FRCP 26(f)(3)(F) – Protective Order**

At this time, the Parties do not anticipate that discovery in this case will require each to produce information that may be confidential and/or proprietary. The Parties will meet and confer regarding the scope of any medical records sought and any objections Plaintiff may assert based on relevance, privacy, or privilege. If the Parties are unable to resolve any dispute, either Party may seek appropriate relief from the Court.

If the need arises, the Parties intend to request entry of a Stipulated Protective Order for discovery matters in this case to be filed at a later time.

**K. DISCOVERY CUT-OFF**

The Parties' proposals regarding the cutoff date are set forth in Exhibit A.[1]

**L. EXPERT DISCOVERY**

The Parties' proposals regarding the expert discovery date are set forth in Exhibit A.

Plaintiff does not know whether this matter will call for the input of expert witnesses, however it is quite possible it may require expert analysis. Plaintiff will update its expert disclosures as those determinations are made.

**M. SETTLEMENT CONFERENCE/ADR**

**Plaintiff**:

Plaintiff issued a demand for settlement prior to service of the summons and complaint of the State action on Defendant, for which no response was received. Plaintiff remains open to settlement discussions and willing to participate in settlement conference or mediation.

[1] Exhibit A - Schedule of Pretrial and Trial Dates Worksheet which contains the Parties' respective proposals for trial deadlines.

**Defendant:**

Defendant is open to exploring a potential resolution through a settlement conference and/or private mediation.

**N. TRIAL ESTIMATE**

**Plaintiff**: Plaintiff estimates a five-to-seven-day jury trial, in total, with an estimated four witnesses.

**Defendant:** Defendant estimates a five-to-seven-day jury trial.

**O. TRIAL**

**(i) Plaintiff's Trial Counsel**

Kasey Diba, Esq.— Lead Counsel for Plaintiff

**(ii) Defendant's Trial Counsel**

Clarisse C. Petersen Esq. and Zuleima Porron, Esq.

**P. JURY OR COURT TRIAL**:

Plaintiff requests a Jury trial.

**Q. CONSENT TO TRIAL BEFORE A MAGISTRATE JUDGE**

The Parties do *not* agree to try the case before a magistrate judge.

**R. INDEPENDENT EXPERT OR MASTER**

The Parties do not believe that this case will require the appointment of a master pursuant to Federal Rule of Civil Procedure 53 or an independent scientific expert.

The Parties' proposed timing for expert disclosures and discovery is set forth in Exhibit A.

**S. SCHEDULE WORKSHEET**

The Schedule of Pretrial and Trial Dates Worksheet is attached hereto as Exhibit A.

**T. CLASS ACTIONS**

Not applicable, this action is not a putative class action.

**U. OTHER ISSUES**

**Plaintiff:** Aside from the foregoing, Plaintiff is currently not aware of other issues affecting the status or management of the case and has no proposals regarding severance, bifurcation, or other ordering of proof.

**Defendant:** Other than the matters above, Defendant is unaware of any unusual legal issues presented by this action.

Respectfully submitted,

DATED: June 4, 2026 FINNEGAN & DIBA, A LAW CORPORATION

By: *Kasey Diba*
KASEY DIBA, ESQ.
Attorneys for Plaintiff, Renee Palmer

DATED: June 4, 2026 JACKSON LEWIS P.C.

By: [signature]
CLARISSE C. PETERSEN, ESQ.
ZULEIMA PORORN, ESQ.
Attorneys for Defendants, Career Team LLC
4896-6441-8226, v. 2

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2026, a copy of the foregoing Joint Rule 26(F) Conference Report was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

By: Kasey Diba
KASEY DIBA, ESQ